UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 2 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| WILLIAM CAPERS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1199 |
| ) | |
| WAYNE COUNTY PROBATE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that William Capers Sr. died intestate, such that all his assets should have passed to him as the decedent's sole heir. *See* Compl. at 1 (page numbers designated by the plaintiff). He further alleges that the personal representative still holds these assets "with no intent on following the intestate succession in the state of Michigan." *Id.* at 2. Plaintiff demands compensation for defendants' alleged "fraud and deception" and violations of his civil rights. *See id.* at 6.

Notwithstanding plaintiff's reference to 42 U.S.C. § 1983, *see* Compl. at 1, the complaint fails to adequately allege a civil rights claim. To recover damages under § 1983, "a plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law." *Jordan v. District of Columbia*, __ F. Supp. 2d __, __, 2013 WL 2458282, at *5 (D.D.C. June 7, 2013), and plaintiff identifies no state actor. Furthermore, plaintiff fails to demonstrate this court's subject matter jurisdiction. He neither states a claim "arising under the

Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, nor establishes that "the suit is between citizens of different states" for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a). Accordingly, the Court will dismiss this action.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 7/29/13

_____
United States District Judge